# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| U.S. BANK TRUST, N.A. as trustee for LSF8 MASTER PARTICIPATION TRUST, | No. 51556-3-II |
| Respondent, | |
| v. | |
| JACK BAILEY, an individual; SHARON J. BAILEY, an individual; JASON HAGEN, an individual; HOUSEHOLD FINANCE CORPORATION III, a Washington corporation; MOUNT VISTA ASSOCIATION AKA MOUNT VISTA HOMEOWNERS ASSOCIATION, a Washington corporation; Clark Regional Wastewater District, a Special Purpose District and Public Agency, and all other person or parties unknown claiming any legal or equitable right, title, estate, lien, or interest in the real property described in the complaint herein, adverse to Plaintiff's title, or any cloud on Plaintiff's title to the Property, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Jason Hagen appeals the superior court's order granting U.S. Bank's Civil

Rule (CR) 12(c) motion for judgment on the pleadings, denying Hagen's motion for summary

judgment, and dismissing his counterclaim to quiet title. We affirm.

FACTS

On July 11, 2002, Jack and Sharon Bailey obtained a loan for $291,102.72. The loan was secured by a deed of trust for property located in Clark County (the property). The Deed of Trust required that notice of default be provided prior to acceleration. And the Deed of Trust provided that if a breach is not cured, "Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law." Clerk's Papers (CP) at 218. The Baileys stopped making payments on the loan in August 2008.

On May 15, 2009, the Baileys received a notice of default for a total of $40,906.86. The notice of default stated,

> If the default(s) described above is (are) not cured within thirty days of the mailing of this notice, the lender hereby gives notice that the entire principal balance owing on the note secured by the Deed of Trust described in paragraph 1 above, and all accrued and unpaid interest, as well as costs of foreclosure, shall immediately become due and payable. Notwithstanding acceleration, the grantor or the holder of any junior lien or encumbrance shall have the right after acceleration to reinstate by curing all defaults and paying all costs, fees and advances, if any, made pursuant to the terms of the obligation and/or deed of trust on or before 11 days prior to a Trustee's sale.

CP at 173. A notice required by the Fair Debt Collection Practices Act[1] stated that the entire amount owed under the loan was $311,221.42. However, this was not noted as the amount currently due.

On June 19, 2009, Regional Trustee Services recorded a notice of Trustee's sale. The notice included a default amount of $46,208.58, which included delinquent payments starting

---

[1] 15 U.S.C. chapter 41.

August 16, 2008. The notice stated that the principal amount owed under the loan, which would be satisfied by the trustee's sale, was $270,336.87 plus interest, charges, and fees (that were not calculated in the notice).

Between June 2011 and January 2014, the Baileys were sent several notices of the right to cure default.[2] The June 2011 notice stated that the total amount due was $116,368.02. The January 2014 notice stated that the total amount due was $182,659.48. None of the notices included the full amount due under the loan.

On September 17, 2009, the Baileys petitioned for bankruptcy. The Baileys included the property in the bankruptcy, listing its value as $274,000 and disclosing a secured claim on the property for $338,411. The Baileys intended to surrender the property in the bankruptcy. On December 16, 2009, the United State Bankruptcy Court discharged the Baileys' personal debts in bankruptcy.

---

[2] These notices were attached as exhibits to the Declaration of Nathaniel Mansi. Hagen objected to Mansi's declaration because there was not sufficient basis in the declaration to demonstrate Mansi had personal knowledge that the notices were mailed to the Baileys. The superior court declined to rule on Hagen's objection to Mansi's declaration and considered the declaration. Before this court, Hagen states that "[t]hese letters cannot be considered because there is no competent evidence that they were sent to the Baileys." Br. of Appellant at 20. However, Hagen does not argue that the superior court erred by declining to rule on his objection and considering the declaration.

We do not consider issues or assignments of error that are not supported by argument or citation to authority. RAP 10.3(a)(6); *Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004), *review denied*, 155 Wn.2d 1015 (2005). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290, *review denied*, 136 Wn.2d 1015 (1998). Therefore, we do address whether the Mansi declaration may be considered. Furthermore, regardless of the subsequent notices, we would reach the same conclusion based on the language of the notice of default to the Baileys.

On the September 26, 2011, the Baileys executed a quit claim deed and transferred the property to Jason Hagen.[3]

On September 22, 2015, U.S. Bank filed a complaint for foreclosure against the Baileys and Hagen. On January 12, 2017, Hagen filed an answer to U.S. Bank's complaint and included a counterclaim to quiet title to the property.[4]

On August 21, 2017, U.S. Bank filed a CR 12(c) motion for judgment on the pleadings seeking to dismiss Hagen's counterclaim to quiet title. On October 18, 2017, Hagen filed a motion for summary judgment on his counterclaim to quiet title.

On February 15, 2018, the superior court entered an order on the motions. The superior court granted U.S. Bank's CR 12(c) motion for judgment on the pleadings. The superior court denied Hagen's motion for summary judgment. And the superior court dismissed Hagen's counterclaim to quiet title. The superior court also ruled that the order dismissing Hagen's counterclaim to quiet title should be entered as final judgment.

Hagen appeals.

---

[3] The record before us relating to the Baileys' bankruptcy is limited. The record shows that the Baileys intended to surrender the property in bankruptcy and their personal debt was discharged in bankruptcy. But the records provide no explanation as to how the Baileys could quit claim the property to Hagen a year after they supposedly surrendered the property in bankruptcy.

[4] Hagen's counterclaim sought to quiet title against U.S. Bank and any of its predecessors in interest. Hagen sought the judgment quieting title based on his claim that U.S. Bank's foreclosure action was barred by the statute of limitations. *See Terhune v. North Cascade Trustee Services, Inc*, ___ Wn. App. 2d ___, 446 P.3d 683, 689 (2019) ("If the statute of limitations has expired on a promissory note secured by a deed of trust on real property, the owner is entitled to quiet title on the property."). And Hagen did not seek to quiet title against the Bailey's, nor does there appear to be a dispute between the Baileys and Hagen regarding title to the property.

ANALYSIS

Hagen argues that the superior court erred by granting the order on motions because the loan was accelerated in June 2009, and therefore, the statute of limitations barred U.S. Bank's foreclosure action.[5]  Because the language in the May 2009 notice of default did not accelerate the loan, the statute of limitations did not bar the foreclosure.  Therefore, the superior court did not err in entering the order on motions.

A.    LEGAL PRINCIPLES

We review a superior court's dismissal under CR 12(c) de novo.  *P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012).  CR 12(c) states, in relevant part, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Dismissal is appropriate when it appears beyond doubt that the plaintiff cannot prove any set of facts, consistent with the complaint, that may entitle him or her to relief.  *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005).  We presume the plaintiff's allegations are true, and we may consider hypothetical facts not included in the record.  *Id*.

We review summary judgment orders de novo.  *Washington Federal v. Azure Chelan, LLC*, 195 Wn. App. 644, 652, 382 P.3d 20 (2016).  Summary judgment is appropriate if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  CR

---

[5]  Hagen also argues that the statute of limitations was not tolled or "extended" by initiating the nonjudicial foreclosure or the bankruptcy.  However, because we hold that the loan was not accelerated we do not address tolling.  Moreover, this appeal does not address the substantive foreclosure—it only addresses the superior court's order dismissing Hagen's counterclaim to quiet title to the property.  The superior court's order would only be erroneous if the foreclosure was entirely barred by the statute of limitations.  Because the loan was not accelerated, the statute of limitations does not bar the foreclosure and the superior court properly dismissed Hagen's counterclaim to quiet title.

56(c). "'A material fact is one upon which the outcome of the litigation depends.'" *Washington Federal*, 195 Wn. App. at 652 (quoting *Dong Wan Kim v. O'Sullivan*, 133 Wn. App. 557, 559, 137 P.3d 61 (2006), *review denied*, 159 Wn.2d 1018 (2007)). We review facts and inferences in the light most favorable to the non-moving party. *Washington Federal*, 195 Wn. App. at 652.

RCW 4.16.040(1) provides a six year statute of limitations for actions on promissory notes and deeds of trust. *Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784-85, 239 P.3d 1109 (2010). When the note is paid in installments, the six year statute of limitations runs against each individual installment when it is due. *4518 S. 256th, LLC v. Karen L. Gibbon, PS*, 195 Wn. App. 423, 434, 382 P.3d 1 (2016), *review denied*, 187 Wn.2d 1003 (2017). However, when a note is accelerated, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *Id*. at 434-35. "If the lender elects to accelerate the debt after a breach, the acceleration must be clearly and unequivocally expressed to the debtor." *Washington Federal*, 195 Wn. App. at 663.

An owner of property is entitled to quiet title to the property if the statute of limitations has expired on a promissory note secured by a deed of trust. *Cedar W. Owners Ass'n v. Nationstar Martg., LLC*, 7 Wn. App. 2d 473, 482, 434 P.3d 554, *review denied*, 193 Wn.2d 1016 (2019); RCW 7.28.300.[6]

---

[6] RCW 7.28.300 provides,

> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

B. NO ACCELERATION OF LOAN

Hagen argues that the language in the notice of default in May 2009 was sufficient to accelerate the loan. Specifically, Hagen asserts that because the Baileys failed to cure the default, the loan was automatically accelerated. However, we recently resolved this issue contrary to Hagen's assertion.

In *Terhune v. North Cascade Trustee Services, Inc.*, we held that "[a] default on the loan alone will not accelerate a note, even if an installment note provides for automatic acceleration upon default." ___ Wn. App. 2d ___, 446 P.3d 683, 689 (2019). We also held that future, conditional language is not sufficient to actually accelerate the loan because acceleration "'must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date.'" *Terhune*, ___ Wn. App. 2d ___, 446 P.3d at 688-89 (quoting *Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 761, 434 P.3d 84 (2018)). In *Terhune*, the lender sent the borrower a notice of default that stated that the loan "will be accelerated" if the default was not cured by the specified date. ___ Wn. App. 2d ___, 446 P.3d at 689 (bold face omitted). We held that the "argument that the failure to cure automatically triggered acceleration is inconsistent with the rule that the lender must take some affirmative action to accelerate a note." *Terhune*, ___ Wn. App. 2d ___, 446 P.3d at 689. This is especially true in cases where subsequent notices demonstrate that the lender is seeking to recover past due installments rather than the entire amount due. *Terhune*, ___ Wn. App. 2d ___, 446 P.3d at 689-90.

Here, the May 2009 notice of default stated that the loan "shall immediately become due and payable" *if* the default is not cured within 30 days. CP at 173. This was a conditional

7

provision. And just as the language "will be accelerated" is not sufficient to automatically accelerate the loan, the language in the May 2009 notice of default is not sufficient to automatically accelerate the loan. Also, the May 2009 notice of default and all subsequent notices that were sent to the Baileys show that only past due amounts, rather than the full amount of the outstanding loan, was being sought. Therefore, the superior court properly determined that the May 2009 notice of default did not accelerate the loan.

Because the notice of default did not automatically accelerate the loan, the statute of limitations on the foreclosure did not expire. Therefore, U.S. Bank's foreclosure action was not barred and Hagen was not entitled to quiet title to the property. *Terhune*, ___ Wn. App. 2d ___, 446 P.3d at 689 (owner entitled to quiet title on the property if the statute of limitations has expired on a promissory note secured by a deed of trust on the real property). Accordingly, the superior court properly granted judgment in favor of U.S. Bank, denied Hagen's motion for summary judgment, and dismissed Hagen's counterclaim to quiet title. We affirm.

Hagen also argues that the loan was automatically accelerated as a precondition of the nonjudicial foreclosure action. Hagen's argument is unpersuasive.

First, "the initiation of nonjudicial foreclosure proceedings does not automatically accelerate a note." *Terhune*, ___ Wn. App. 2d ___, 446 P.3d at 689. Second, the language that Hagen relies on from the Deed of Trust does not demonstrate that the loan must be accelerated prior to nonjudicial foreclosure or a Trustee's sale. The Deed of Trust states,

> Lender, at Lender's option, *may* declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and *may* invoke the power of sale and any other remedies permitted by applicable law.

CP at 218 (emphasis added). The language "may" is permissive and does not require that the Lender accelerate the loan prior to initiating a sale. Therefore, Hagen's argument that the loan was automatically accelerated by the Notice of Trustee's sale also fails.

Although we have already decided that the conditional language in the notice of default does not accelerate the loan, we address Hagen's argument that judgment on the pleadings is inappropriate because he has presented a hypothetical set of facts that would entitle him to relief. Hagen' argument conflates factual allegations with legal conclusions. Hagen is correct that, when we consider a judgment on the pleadings, we accept his allegations as true. *Burton*, 153 Wn.2d at 422. But the factual allegations are not in dispute here. Both parties agree regarding the actual language contained in the notice of default, which are the facts; they disagree regarding the legal effect regarding that language, which is a legal conclusion. We are not required to accept Hagen's legal argument that the language in the May 2009 notice of default accelerated the loan. *See Burton*, 153 Wn.2d at 422 (questions of law underlying a motion to dismiss are reviewed de novo). Accordingly, we affirm the superior court's order on the motions.

Similarly, there are no genuine issues of material fact that were presented to the court. The only dispute is whether the language in the May 2009 notice accelerated the loan. We already resolved that issue in *Terhune*—the loan at issue was not accelerated. Therefore, the superior court also properly denied Hagen's motion for summary judgment on his counterclaim.

Because the superior court properly granted U.S. Bank's motion on the pleadings regarding Hagen's counterclaim to quiet title and properly denied Hagen's motion for summary judgment on his counterclaim to quiet title, the superior court did not err by granting U.S. Bank's CR 12(c)

No. 51556-3-II

motion, denying Hagen's motion for summary judgment and dismissing Hagen's counterclaim to quiet title. Accordingly, we affirm the superior court's order on the motions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                       Lee, A.C.J.

We concur:

Worswick, J.

Cruser, J.